Van Voorhis, J. (dissenting).
In 1950 the State Commission Against Discrimination granted to Aramco a bona fide occupational qualification permitting the making of inquiries as to religion of applicants whose employment required an entry visa to Saudi Arabia or passage through countries en route which restrict visas on religious grounds. Numerous attacks have been made by petitioner, the American Jewish Congress, upon the issuance of that certificate by the commission. A complaint made in 1956 was referred by the commission to one of its members, Elmer A. Carter, who after extensive investigation made a decision on behalf of the commission on November 10, 1958 dismissing the complaint and continuing the bona fide occupational qualification accorded to Aramco in 1950. Petitioner applied to the commission for reconsideration and, in a lengthy opinion by the then Chairman, Charles Abrams, the complaint was referred back to Commissioner Carter for reconsideration, who examined into matters which Chairman Abrams suggested might change the result, but on March 26, 1959, adhered to the original determination, stating: “ With regard to complainant’s allegations as to Aramco’s interviewing and hiring for domestic employment, I investigated Aramco’s overall employment policies and practices and the resultant employment pattern. My investigation took account of a prior investigation made by Commissioner Pinto ancillary to William B. Shade v. Arabian American Oil Company, C-3172-52. I also investigated the matter independently. My ‘ Determination after Investigation and Conference ’ quotes, at page 8, from a letter from Aramco to Commissioner Pinto, which states that no applicant for domestic employment is requested to fill out an application for a Saudi Arabian visa. It should be borne in mind that in 1949 and 1950 Aramco revised all its employment application forms to accord with the Law Against Discrimination.”
The American Jewish Congress petitioned the Supreme Court to review each of these determinations by the Commission Against Discrimination. Special Term annulled the dismissal of the complaint by the commission and remitted the matter to the commission for further action in accordance with an opinion deciding the issue of discrimination on the merits in favor of the American Jewish Congress. The Appellate Division affirmed Special Term’s order, holding that probable cause had been *228 shown as a basis for the complaint against Aramco, and upholding the remission to the commission for further action. It modified the order of Special Term to the extent of eliminating the direction that the commission must decide the complaint in accordance with Special Term’s opinion. That order of the Appellate Division is now on appeal to this court. The question before this court is, therefore, whether Commissioner Carter was correct in dismissing the complaint of the American Jewish Congress, whether the latter organization had capacity to institute the proceeding and, if so, whether probable cause has been shown as a basis for further proceedings by the commission against Aramco.
In his decision Commissioner Carter said: “ The primary objective of the present complaint is the abrogation of this resolution [of the commission in 1950] and the withdrawal of the bona fide qualification granted by the Commission.” The truth of that statement has been borne out by the argument made on this appeal in behalf of petitioner, which, although disavowing that objective, is plainly seeking to put Aramco out of business in Saudi Arabia. About two thirds of the presently known oil deposits in the world are contained in the Middle East. The importance of these oil reserves to the United States, as well as to the other nations of Europe, Asia and Africa, has been emphasized by the State Department, the essential position of which (as disclosed by the record on this appeal) has not changed since the bona fide occupational qualification was issued to Aramco by the Commission Against Discrimination in 1950 or since the decision made by Commissioner Carter in 1958. The Senate resolution and communications from Secretary of State Dulles and other officials in the State Department, which are relied upon to evidence a change in the United States policy in this regard, constitute what Commissioner Carter well describes as “ emphatic assurances * * * that the United States Grovernment is engaged in a continuous effort to alter the situation and the assurance of formal diplomatic action to end such distinctions of treatment of American citizens ” but “It is not, however, a repudiation of this principle if its attainment cannot be immediately realized.”
To this Commissioner Carter added that the State Department is “ the only level on which change can be effected.”
*229 The Commissioner stated that before making his 1959 report ‘£ He personally conferred and subsequently communicated in writing with the United States Department of State since the claimed occupational qualification is premised upon the existence of a foreign statute or decree ”, and then Commissioner Carter concludes:
‘ ‘ The clear statement of an official of the State Department in 1950, to the effect that any interference in the arrangement between Aramco and Saudi Arabia would be inimical to the best interests of the United States, the reaffirmation in 1956 of that statement in a personal interview between the Investigating Commissioner and Mr. Lampton Berry of the State Department; letters from the Assistant Secretary of State to the Investigating Commissioner, dated September 23,1957 and October 6,1958 to the effect that the interests of the United States would be adversely affected by a determination which would disturb the existing relationship of Aramco with the Saudi Arabian government. •
“ No other conclusion can be reached from these contacts and communications. ’ ’
This carefully considered determination by the State Commission Against Discrimination (made through Commissioner Carter acting for the commission under its rules) cannot be disturbed without invading the province of the commission. Assuming the correctness of the determination that the American Jewish Congress is a party aggrieved, within the meaning of the law, as regards paragraph (c) of subdivision 1 of section 296 of the Executive Law but not of paragraph (a) of subdivision 1 of the section 296, it nevertheless cannot legally attack the action of the commission without showing facts sufficient to constitute probable cause to believe that the bona fide occupational certificate should be vacated or that its limits have been exceeded. Neither the petition nor supporting affidavits contain any basis for revocation of the occupational certificate by reason of change in United States Government policy. Neither has any evidentiary fact been adduced tending to show that Aramco has abused the limitation in the occupational certificate forbidding discrimination in connection with prospective employment in operations of the corporation conducted within the United States. The well-known policy of Saudi Arabia to endeavor to compel United States companies doing business in that country *230 to refrain from employing Jewish people in their domestic operations is not sufficient to establish that Aramco has been influenced by Saudi Arabia in its conduct within this country. The commission has found that it has not been so influenced. If the fact were otherwise, it might be thought that in the record before this court petitioner would have been able to point out some specific instances, of discrimination of that kind. It has not done so. Probable cause is not shown, in my judgment, by the circumstance that Aramco has not produced whatever contracts it may have with Saudi Arabia. The issue here does not depend upon what Aramco has agreed to do or to refrain from doing in Saudi Arabia, but what its hiring policies have actually been within the United States. The record before the court is notable for its complete lack of support for these charges in that respect. The charges may, of course, be renewed in case of evidence to support them. The main thrust of petitioner is against discrimination in the interviewing and selection of employees who are to go or will be in line to go to Saudi Arabia, with the indirect objective, in the world as it is, of terminating the operations of American oil companies in the Middle East.
The taking of no appeal by the commission means nothing so far as the issues in the case are concerned. Both contestants are ably represented and, having made its decision, the commission is entitled to let its decision speak for itself without taking sides on this appeal.
For the reasons stated in Commissioner Carter’s decisions, the orders appealed from should be reversed and the petitions dismissed.
Chief Judge Desmond and Judges Dye, Fuld, Burke and Foster concur with Judge Froessel ; Judge Van Voorhis dissents in a separate opinion.
Orders affirmed.